**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4011**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KELVIN BEAUFORT, a/k/a Kev, a/k/a K Rock,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:05-cr-00104-FDW-CH-8)

Submitted:  May 8, 2009          Decided:  June 12, 2009

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a lengthy jury trial, Kelvin Beaufort was convicted of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). Beaufort was sentenced to 324 months' imprisonment. Finding no error, we affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the district court erred in its application of U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(c) (2007). Beaufort was notified of his right to file a pro se supplemental brief, but he did not do so. The Government elected not to file a responsive brief.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Beaufort, appropriately treating the Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Furthermore, Beaufort's sentence, which is the low end of the advisory Guidelines range and well below the applicable statutory maximum, see 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2008) (prescribing maximum of life imprisonment), may be presumed reasonable by this court.

Counsel, however, contends that the district court erred by increasing Beaufort's offense level under § 3B1.1(c) for his alleged aggravated role in the offense. When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). "To qualify for an adjustment under [§ 3B1.1], the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants" in the criminal activity. USSG § 3B1.1, comment. (n.2); see also United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003) ("Leadership over only one other participant is sufficient as long as there is some control exercised.").

The Presentence Investigation Report indicated that "[o]n some occasions, Beaufort would utilize Malcolm Colman

3

Dawson, a/k/a "Mac" [sic] to deliver the cocaine to" a co-conspirator. Beaufort's own testimony indicated that Dawson served as his driver and delivery person. Telephone conversations admitted at trial further establish that Dawson acted at Beaufort's behest. The aggravated role enhancement was therefore supported by the record. Moreover, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.[*]

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state

---

[*] Beaufort was sentenced on the same date Kimbrough v. United States, 128 S. Ct. 558 (2007), issued. Although counsel did not object to the crack/powder disparity at sentencing, he moved the district court on December 19, 2007, to reconsider its sentence in light of Kimbrough. The court denied the motion, stating it "was aware of its discretion to vary upwardly or downwardly." Thus, Beaufort cannot establish that the court plainly erred in failing to specifically consider the crack/powder disparity on the record. See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (requiring showing of "actual prejudice").

4

that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
